**UNITED STATES of America,**
**Plaintiff,**

v.

**A. C. MONK & COMPANY, Inc.,**
**Defendant.**

**Civ. No. 665.**

United States District Court,
E. D. North Carolina,
Washington Division.

Aug. 13, 1969.

Brendan G. Fitzpatrick, Civil Section, U. S. Dept. of Justice, Washington, D. C., Robert H. Cowen, U. S. Atty., by W. Arnold Smith, Asst. U. S. Atty., Raleigh, N. C., for plaintiff.

William T. Joyner, Jr., James M. Kimzey, of Joyner, Moore & Howison, Raleigh, N. C., for defendant.

## MEMORANDUM OPINION AND ORDER

LARKINS, District Judge:

This cause comes before the Court as an action by the United States under Title 31 U.S.C.A. § 231 to recover double damages and statutory forfeitures for the alleged making by the defendant of false, fictitious or fraudulent claims for payments under a Government program of financial assistance to foreign countries administered by the Department of Agriculture. Plaintiff seeks in the alternative a refund for amounts paid to defendant on the grounds of breach of

contract. The principal issue is whether the defendant paid illegal commissions in connection with tobacco exports in 1962 and 1963 which were financed by the Government under the Agricultural Trade Development and Assistance Act (Public Law 480, 68 Stat. 454).

Now before the Court is a motion by defendant pursuant to Rule 34 of the Federal Rules of Civil Procedure to require the plaintiff to produce and permit defendant to make copies of certain documents. Rule 34 provides that upon a showing of good cause the Court may order any party to produce and permit the inspection of designated documents, papers, etc., which constitute or contain evidence relating to matters within the scope of the exmination permitted by Rule 26(b). The latter Rule provides for the examination of any matter, not privileged, which is relevant to the subject matter involved in the pending action. This is a broad Rule and includes a provision that "it is not ground for objection" to the inspection that the testimony would be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissable evidence.

■ Whether a moving party has shown "good cause" under Rule 34 is a matter that is hard to define and is addressed to the discretion of the Court. Volume 2A, Barron and Holtzoff, Federal Practice and Procedure. Section 796 states:

> In determining what constitutes good cause, a liberal construction is desirable, considerations of practical convenience are of importance, and the court should be satisfied that the production of the requested document is necessary to enable a party to prepare his case or that it will facilitate proof or aid in the progress of the trial.

The documents sought by defendant in its motion relate primarily to an investigation in 1960 by the United States Department of Agriculture of tobacco sales to Egypt in 1959. Although the present action is not a result of that investigation, one of the defendant's affirmative defenses is that the Department of Agriculture, on the basis of the 1960 investigation, found no irregularities in the manner in which defendant was conducting its sales of tobacco to Egypt in 1959 and that the defendant conducted its sales in precisely the same manner during 1962 and 1963, the period in question in the present action. Defendant alleges that plaintiff is estopped from contending that illegal commissions were paid or that Suppliers Certificates contained false information by virtue of its failure to take action following the 1960 investigation of defendant's practices.

Although the defendant no longer seeks a number of the documents requested in its motion, the following items remain in controversy:

1. The written instructions of April 27, 1960, from Stephen A. Sarrapede to Charles R. Alley, Jr.

2. The written instructions dated February 29, 1960, from J. J. Somers (by M. L. Johnson) to William H. Duggan.

3. The written instructions dated June 30, 1960, July 7, 1960, and July 8, 1960, from Stephen A. Sarrapede to Charles R. Alley, Jr.

4. The written directions dated April 27, 1960, from Stephen A. Sarrapede to Mr. William G. Punch.

5. The investigation report concerning or relating to the Punch investigation of defendant dated July 13, 1960, of Mr. Richard L. Burton.

6. The written communications dated June 30, 1960, July 7, 1960, and July 8, 1960, from Stephen A. Sarrapede to Charles R. Alley, Jr.

7. The written communication dated July 1, 1960, and July 8, 1960 (two) from Charles R. Alley, Jr., to Stephen A. Sarrapede.

8. The airgram No. G–79 dated October 26, 1959.

9. The communication dated January 21, 1960, from Neil P. Witting to Hugh C. Kiger.

10. One copy of each and every report, summary or resumè of the "Punch investigation of defendant" of Mr. Richard L. Burton's report which was circulated to the following persons prior to January, 1967: Stephen A. Sarrapede, Charles R. Alley, Jr., Richard L. Burton, William Duggan, J. J. Somers and Dan L. Tierney, Tobacco Division, FAS, USDA, Office of the General Sales Manager, CSS, USDA.

21. Copy of the report, summary or resumè of the Punch investigation supplied to Fred M. Vinson, Assistant Attorney General, on March 12, 1968.

22. Cover letter of March 12, 1968, addressed to Fred M. Vinson from Claude T. Coffman.

25. Any summary, work paper, notes or exhibits made or obtained by Mr. William G. Punch and forwarded to Mr. Richard L. Burton for the purpose of preparing the report of defendant referred to in answer to interrogatory No. 62 filed by plaintiff in this action.

27. Copies of all correspondence or other written communications and all written evidence of oral communications between any officials or employees of the Department of Agriculture and between any such official or employee and any official, employee, attorney, or agent of any company engaged in the business of buying or selling tobacco and between such official or employee and any official or employee of any other governmental agency, including Congressmen and Senators and their employees, relating to or connected with the sale of tobacco by the defendant to Egyptian tobacco companies or to the payment of commissions on said tobacco during the years 1959 through 1968.

Pursuant to the agreement of counsel and this Court's Order of June 19, 1969, the plaintiff has submitted a number of the documents in question to the Court for its *in camera* inspection and a determination of whether the documents are relevant to the subject matter of the action or whether the information contained in them could reasonably lead to the discovery of admissable evidence. After examining the documents, it is the opinion of this Court that some of the documents and/or portions thereof are relevant to the subject matter of this action in that they have a bearing on the manner in which defendant has transacted its tobacco sales to Egypt. Other portions of the reports and documents, however, relate to the investigation or conduct of companies other than the defendant and are therefore not relevant to this action.

Therefore, in accordance with the foregoing, it is ordered that:

(1) In the Investigation Report of July 13, 1960 by Special Agent Richard L. Burton, Jr., (numbered in the lower left corner as "5 & 10"), the plaintiff shall produce for copying by the defendant or submit to the defendant copies of the following portions: all of page 1; that part of page 22 beneath the heading "A.C. Monk & Co., Inc.,"; the first five paragraphs of page 23, that is, those paragraphs relating to information given by Thomas S. Ryon, Secretary of defendant; and the second paragraph of page 30, that is the pargraph beginning with "Thomas S. Ryon, secretary * * *" and ending with "P.L. 480."

(2) In the copy of the Investigation Report of June 22, 1960, by Special Agent William G. Punch (numbered in the lower left corner as "5, 21 and 25"), the plaintiff shall produce for copying by the defendant or submit to defendant copies of the following portions: all of page 1 with the exception of the name of the

American supplier in the second sentence of the second pargraph, following the words "One supplier * * *"; all of page 11; all of page 12; that portion of page 17 beneath the heading "Details of Barter Sales Transactions"; all of pages 18, 19 and 20.

(3) In the copy of the Investigation Report of June 22, 1960, by Mr. William G. Punch (numbered in the lower left corner as "5 & 10, 25"), the plaintiff shall produce for copying by the defendant or submit to the defendant copies of the following portions: all of page 1 with the exception of the name of the American supplier in the second sentence of the second paragraph, following the words "One supplier * * *"; all of page 11; all of pages 17, 18, 19 and 20.

(4) The plaintiff shall produce for copying or submit to defendant copies of the "Telegraphic Message" and "Leased Wires" of June 30, 1960 and July 8, 1960, from Charles R. Alley to Stephen S. Sarrapede (three documents, all of which are numbered in the lower left corner as "7").

(5) The plaintiff shall produce for copying by the defendant or submit to defendant copies of the Teletype messages from Stephen S. Sarrapede to Charles R. Alley dated July 8, 1960, and June 30, 1960 (two documents, each of which are numbered in lower left corner as "3 & 6").

(6) With respect to the Teletype message of July 7, 1960, from Stephen S. Sarrapede to Charles R. Alley (numbered in lower left corner as "3 & 6"), the defendant's motion for production is overruled and denied.

(7) With respect to the documents numbered "1 & 4," "2," "8," "9," and "22," the defendant's motion for production is overruled and denied.

(8) With respect to those deleted portions of the documents numbered "x–1" and "x–2", the defendant's motion is overruled and denied.

(9) The defendant has failed to specify sufficiently the documents sought in pargraph 27 of its motion; and, therefore, with respect to that paragraph, the motion is overruled and denied.

It is further ordered that the Clerk shall serve copies of this memorandum opinion and order upon all counsel of record.

Let this order be entered forthwith.